IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:10CV69-01-MU

| | |
|---|---|
| HENRY H. BETTIS, III, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MADISON COUNTY SHERIFF'S DEP'T, et al., )<br>)<br>Defendants. )<br>_____) | **O R D E R** |

**THIS MATTER** comes before the Court upon Plaintiff's Motion for a Temporary Restraining Order (Doc. No. 8), filed April 6, 2010; Plaintiff's Motion for Discovery (Doc. No. 13), filed April 12, 2010; Plaintiff's Motion for a Temporary Restraining Order (Doc. No. 14), filed April 14, 2010; Plaintiff's Motion for Restraining Order to Cease and Desist (Doc. No. 17), filed April 22, 2010.

On March 23, 2010, Plaintiff filed a § 1983 Complaint alleging that Defendants Buddy Harwood, the Sheriff of Madison County, and the Madison County Sheriff's Department violated his constitutional rights when they interfered with four letters that he marked "legal' and addressed to President Obama.

Plaintiff has now filed three motions seeking Temporary Restraining Orders. More specifically, Plaintiff requests that this Court order that "all mail addressed to Plaintiff must be immediately delivered in strict compliance with federal postal regulations and privileged correspondence statutes to the Plaintiff . . . ." (Doc. No. 8.) Plaintiff also requests that all

Defendants be ordered not to tamper with or search or inspect his "legal documents, letters, books and property without him present to observe and supervise to ensure and maintain the privacy of the same . . . ." (Doc. Nos. 14 and 15.) In his third Motion for a Temporary Restraining Order Plaintiff asks the this Court to grant him unlimited and unrestrained attorney visits in light of his upcoming trial on May 3, 2010.[1] (Doc. No. 17.)

The Supreme Court recently held that in order to obtain a preliminary injunction a plaintiff must establish that he is 1) likely to succeed on the merits; 2) likely to suffer irreparable harm absent preliminary relief; 3) the balance of equities tips in his favor; and 4) an injunction is in the public interest. Winter v. Natural Resources Def. Counsel, 129 S. Ct. 365, 374 (2009). All four requirements must be satisfied. Id. The mere possibility of irreparable harm is insufficient. Id. at 375-76.

Upon thoroughly reviewing the Complaint, this Court concludes that the actions Plaintiff complains of do not warrant the issuance of a restraining order. Significantly, Plaintiff has not established that it is likely he will suffer irreparable harm if an injunction is not granted. Indeed, he does not even assert that he will be irreparably harmed much less sufficiently establish that fact. Moreover, Plaintiff has not made a clear showing that he will likely prevail on the merits. Finally, the public interest is best served if the Courts do not get involved in the daily operations of a prison, particularly prior to a finding that the Constitution has been violated.

Plaintiff has also filed a Motion for Discovery. (Doc. No. 13.) In his Motion, Plaintiff requests: 1) a copy of all documents contained in his inmate file; 2) a copy of the "daily shift pass

---

[1] As this date has passed, Plaintiff's request is moot. Moreover, notwithstanding Plaintiff's assertions to the contrary, an inmate simply does not have a right to spend an unlimited amount of time with an attorney.

log" from July 30, 2009, through April 5, 2010; and 3) all "written requests, letters, notes grievances, or any other document to or from Plaintiff to or from any staff member of the Madison County Sheriff's Department from July 30, 2009, through April 5, 2010." Plaintiff provides no explanation as to why he would be entitled to all of these documents. Indeed, in general his requests seem, at a minimum, overly broad. Plaintiff's Motion for Discovery is denied.

Finally, the Court notes that on March 30, 2010, and April 6, 2010, Plaintiff filed documents amending his Complaint. (Doc. Nos. 6 and 9.) More specifically, Plaintiff added a retaliatory transfer claim against Sheriff Van Duncan, the Sheriff of Buncombe County, and the Buncombe County Sheriff's Department. In support of his claim Plaintiff states that on March 29, 2010, he was moved from Rutherford County Jail to the Buncombe County Jail by the Madison County Sheriff.

Rule 15(a)(1) provides that any party may amend the party's pleading once as a matter of course any time before a responsive pleading is served. No responsive pleading had been filed at the time of Plaintiff's motion so Plaintiff may amend as a matter of course. However, after conducting an initial review of Petitioner's Amended Complaint, this Court concludes that Plaintiff fails to state a claim against the newly added Defendants. That is, Plaintiff does not even allege that the newly named Defendants were responsible for his alleged retaliatory transfer. Nor is it logical that the Sheriff of a receiving jail would retaliate against an inmate not in his custody by seeking to have him transferred to it. As such, Plaintiff's retaliatory transfer claim against Defendants Van Duncan and the Buncombe county sheriff's Department is dismissed for failure to state a claim. Plaintiff's retaliatory transfer claim against Defendant Harwood remains.

On April 19, 2010, Plaintiff filed another document adding a claim that his access to the courts has been interfered with because there has been a short delay in granting him access to his prison funds and certain property. (Doc. No. 10.) Plaintiff asserts that as a result he is unable to

3

replace items needed "to craft and file his date sensitive legal work."  Because Plaintiff has already amended his Complaint once as a matter of corse, he must seek leave of this Court to file additional claims.  As such, this Court will construe his April 9, 2010, filing as a Motion to Amend.  Rule 15 of the Federal Rules of Civil Procedure governs the procedure for amending Complaints in civil actions.  Absent bad faith, undue prejudice to the opposing party, or futility of amendment, leave to amend under Rule 15(a) shall be freely given.  See Forman v. Davis, 371 U.S. 178, 182 (1962).  Plaintiff's allegations fail to state a claim.  To state a claim of denial of access to the courts a plaintiff must demonstrate prejudice from the denial.  See Strickler v. Waters, 989 F.2d 1375, 1382 (4th Cir.), cert. denied, 510 U.S. 949 (1993); White v. White, 886 F.2d 721, 722-24 (4th Cir. 1989).  In the instant case, Plaintiff fails to allege that he suffered any prejudice.  That is, Plaintiff does not specify how his legal matters have suffered.  Indeed, as evidenced by the docket in this case alone, Plaintiff has been able to file numerous motions in the month of April.  Plaintiff's Motion to Amend on this basis is denied as futile.

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiff's Motion for a Temporary Restraining Order (Doc. No. 8) is **DENIED**;

2. Plaintiff's Motion for Discovery (Doc. No. 13) is **DENIED**;

3. Plaintiff's Motion for a Temporary Restraining Order (Doc. No. 14) is **DENIED**;

4. Plaintiff's Motion for Restraining Order to Cease and Desist (Doc. No. 17) is **DENIED;** and

5. With the exception of Plaintiff's retaliatory transfer claim against Defendant Harwood, Plaintiff's amended claims are **DENIED and DISMISSED**.

Signed: May 4, 2010

Graham C. Mullen
United States District Judge